IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LOTHAN VAN HOOK DESTEFANO ARCHITECTURE LLC,** ) ) ) | |
| **Plaintiff,** ) ) | 18 C 275 |
| v. ) ) | Judge John Z. Lee |
| **SB YEN MANAGEMENT GROUP, INC.** ) **and PAPPAGEORGE HAYMES, LTD.,** ) ) | |
| **Defendants.** ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Lothan Van Hook DeStefano Architecture, LLC ("LVDA"), has brought this copyright infringement lawsuit against Defendants, SB Yen Management Group, Inc. ("SBY") and Pappageorge Haymes, Ltd. ("Pappageorge"). SBY has filed a motion [15] asking that the Court: (1) dismiss the complaint for lack of jurisdiction; (2) compel mediation and arbitration; (3) dismiss the complaint for failure to state a claim; or (4) stay the proceedings. For the reasons stated herein, the request to dismiss for lack of subject-matter jurisdiction is denied, but the request to compel mediation and arbitration is granted. This case is stayed pending the resolution of arbitration proceedings.

## **Background**[1]

This case arises out of a dispute over architectural plans for the construction of a hotel at 1101 S. Wabash Avenue in Chicago, Illinois. Compl. ¶¶ 2, 8–9, ECF No.

---

[1] The following facts are taken from LVDA's complaint and are accepted as true at the motion-to-dismiss stage. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

1. LVDA is a Chicago-based architecture firm. *Id.* ¶ 1. SBY is a corporation based in Hinsdale, Illinois, that manages the property at 1101 S. Wabash ("the Hotel Property"). *Id.* ¶ 2. Pappageorge, a Chicago-based corporation, is the current architect for the Hotel Property. *Id.* ¶ 3.

According to LVDA, it entered into a contract with the owner of the Hotel Property, through its "duly authorized agent" SBY, on May 11, 2015. *Id.* ¶ 8.[2] Pursuant to that contract, LVDA created architectural and engineering plans for the construction of a hotel. *Id.* ¶ 9. Subsequently, on July 25, 2017, the owner (through SBY) terminated the contract with LVDA "for convenience" and informed LVDA that construction would continue based on LVDA's architectural plans. *Id.*

LVDA owns copyrights in the architectural plans, which "contain wholly original text" and "pictorial/graphic works" that constitute "copyrightable subject matter." *Id.* ¶¶ 12–13. LVDA informed Defendants that they had no right to continue using the architectural plans, but Pappageorge ignored this warning and has done so, and SBY has overseen construction based on the plans. *Id.* ¶¶ 15–16, 18. To date, LVDA has received no compensation for the unauthorized use of the plans. *Id.* ¶ 20.

LVDA filed a complaint seeking relief pursuant to 17 U.S.C. §§ 502 through 505 ("the Copyright Act"). SBY has moved to dismiss the complaint for lack of subject-

---

[2] The complaint states that the owner of the property is "11th St. Wabash LLC." *Id.* By contrast, the contract defines "Owner" to be SBY, and not the LLC. Because LVDA has provided a copy of the contract and it is central to its claims, the Court may rely upon it when ruling on the present motion. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (stating that, at the motion-to-dismiss stage, a court may consider "documents that are attached to the complaint [and] documents that are central to the complaint and are referred to in it").

2

matter jurisdiction, compel mediation and arbitration, dismiss for failure to state a claim, or stay pending resolution of state-court proceedings.

## Legal Standard

### I. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests the jurisdictional sufficiency of the complaint. "When ruling on a motion to dismiss for lack of subject matter jurisdiction under [Rule] 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)).

"[I]f the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (emphasis in original), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 848 (7th Cir. 2012). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *Id.*

**II.     Federal Arbitration Act**

The Federal Arbitration Act ("FAA") mandates that courts enforce valid, written arbitration agreements. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 733 (7th Cir. 2002) (citing 9 U.S.C. § 2). This mandate reflects a federal policy that favors arbitration and "places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Courts are responsible for deciding whether an agreement to arbitrate exists before ordering arbitration. *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 741–42 (7th Cir. 2010). Once a court is satisfied that an agreement to arbitrate exists, the FAA instructs the court to stay proceedings on issues subject to arbitration and provides a mechanism for parties to request that the court compel arbitration pursuant to the agreement. 9 U.S.C. §§ 3–4; *see also Tinder*, 305 F.3d at 733.

A party opposing a motion to compel arbitration bears the burden of identifying a triable issue of fact as to the existence of the purported arbitration agreement. *Tinder*, 305 F.3d at 735. The opponent's evidentiary burden is akin to that of a party opposing summary judgment under Rule 56. *Id.* "[A] party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id.* The Court must believe the evidence of the party opposing arbitration and draw all justifiable inferences in its favor. *Id.* If the party opposing arbitration identifies a genuine issue of fact as to whether an arbitration

4

agreement was formed, "the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4; *see Tinder*, 305 F.3d at 735.

## Analysis

SBY requests multiple types of relief, urging the Court to dismiss for lack of jurisdiction or for failure to state a claim, compel mediation and arbitration, or stay the proceedings. As always in cases like this, the Court begins with the threshold issues of jurisdiction and arbitrability.

### I.     Rule 12(b)(1) Dismissal

SBY first contends that this action should be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). SBY argues that LVDA's purported copyright infringement claim is actually a state-law contract claim in disguise. The real dispute, in SBY's view, is whether LVDA's contract gave Defendants a license to use LVDA's architectural plans. That, SBY contends, is a question of state law, rather than one governed by the Copyright Act.

LVDA counters that the claim arises under federal copyright law, rather than state contract law, because it seeks remedies only available under the Copyright Act. It contends that, because Defendants never had the right to use LVDA's copyrighted works in the first place, the copyright infringement claim cannot be resolved solely as a matter of contract. In LVDA's view, SBY was never a party to the contract, so it cannot enforce it. And, what is more, the contract granted the Owner a license to use the architectural plans *only* if the Owner paid LVDA all sums due under the contract, which LVDA contends the Owner failed to do.

5

The question of when a federal court has subject-matter jurisdiction over a copyright claim involving a contract dispute is not as straightforward as one might think. Although federal courts have jurisdiction over all matters "arising under any Act of Congress relating to . . . copyrights," 28 U.S.C. § 1338(a), federal jurisdiction does not automatically arise simply because a case involves a copyright. *See generally* 13D Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice and Procedure* § 3582 (3d ed.). Similarly, federal jurisdiction is not destroyed by the presence of a contract-law question. *See Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 916 (7th Cir. 2001) ("A claim might arise under federal law even though all dispositive issues depend on state law if the remedies differ."). In the end, an action "arises under the Copyright Act if the complaint requests a remedy expressly granted by the Act, *such as a private suit for infringement*." *Schrock v. Learning Curve Int'l, Inc.*, 744 F. Supp. 2d 768, 773 (N.D. Ill. 2010) (emphasis added) (citing *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d. Cir. 1964)); *see also Joseph J. Legat Architects, P.C. v. United States Dev. Corp.*, 601 F. Supp. 673, 676 (N.D. Ill. 1985).

The Seventh Circuit squarely addressed the situation presented by this case in *Nova Design Build, Inc. v. Grace Hotels, LLC*, a case that also involved an architect and a hotel developer. 652 F.3d 814, 816 (7th Cir. 2011) ("Put simply, [the] question [of subject-matter jurisdiction] boils down to whether this is really a case about validity and infringement of the copyright, or if it is about ownership or other rights conferred in the agreement between the parties."). There, the Court of Appeals

6

concluded that subject-matter jurisdiction existed over the plaintiff's copyright infringement claims even when they involved state-law contract issues:

> [P]laintiff Nova in the case before us has squarely asserted that [Defendant] Grace infringed its copyrights and thus that it has a remedy under 17 U.S.C. § 504. To be sure, one of Grace's defenses is that its use was licensed, and state contract law will play a part in that defense. But Grace's defenses—whether based on federal law or state law—do not affect [subject-matter] jurisdiction . . . . Nova's complaint directly states that Nova 'owns a valid and registered copyright' on the designs and drawings, that Grace unlawfully copied its copyrighted materials, that Nova had been injured, and that it was seeking damages under section 504 of the Copyright Act. That is enough to show that this case arises under the Act.

*Id. See also Legat Architects*, 601 F. Supp. at 676 (concluding that subject-matter jurisdiction existed over architect's copyright infringement claim against developer because the suit "principally [was] for a remedy expressly granted by the [Copyright] Act, that is, a suit for infringement") (internal quotation marks omitted).

In much the same way, this case arises under federal copyright law because LVDA seeks remedies expressly granted by the Copyright Act; namely, an injunction against further infringement, an accounting of profits, actual damages, and attorney's fees. Compl. at 4–5. LVDA also has alleged expressly that it has a copyright, that Defendants have infringed that copyright, and that the infringement has injured LVDA. In this circuit, "[t]hat is enough" to confer subject-matter jurisdiction. *Nova Design Build*, 652 F.3d at 816.

## II.  Compel Mediation and Arbitration

The parties dispute the existence of an enforceable arbitration agreement. At the center of this dispute is the contract for architectural services, which was executed on May 11, 2015. Contract at 1, ECF No. 1-1. The parties are identified on

7

the first page of the contract as "SB Yen's Management Group, Inc.,"[3] which is referred to throughout as "the Owner," and LVDA, which is referred to as "the Architect." *Id.*

The contract provides, in relevant part: "[A]ny claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to mediation as a condition precedent to binding dispute resolution." *Id.* at § 8.2.1. Further, "The Owner and Architect shall endeavor to resolve claims, disputes and other matters in question between them by mediation which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association." *Id.* § 8.2.2. If the dispute is not resolved through mediation, the contract requires binding dispute resolution through arbitration. *Id.* §§ 8.2.4, 8.3.

SBY argues that it can enforce the arbitration clause for three reasons—it falls within the contract's definition of "Owner;" it is a third-party beneficiary of the contract; or it was operating as the agent of the property owner. LVDA, by contrast, contends that SBY was not a party to the contract and that the clause applies only to LVDA and the property owner, 11th Street Wabash LLC.

In ruling on a motion to compel arbitration, a court must first determine whether an agreement to arbitrate exists between the parties. *Janiga*, 615 F.3d at 741–42. Under Illinois law, the analysis of contract formation begins "with the language of the contract itself. If the language unambiguously answers the question

---

[3] Although LVDA's complaint names SBY as "SB Yen Management Group, Inc.," SBY states that it should have been correctly sued as "SB Yen's Management Group."

8

at issue, the inquiry is over." *Emergency Med. Care, Inc. v. Marion Mem'l Hosp.*, 94 F.3d 1059, 1060–61 (7th Cir. 1996).

It is hornbook law that the parties to a contract have the power to define the meaning of its terms. *See, e.g., Alexian Bros. Health Providers Ass'n, Inc. v. Humana Health Plan, Inc.*, 330 F. Supp. 2d 970, 975 (N.D. Ill. 2004) ("[P]arties to a contract may serve as their own lexicographers and may assign a particular meaning to any word they choose."). In this case, the May 11, 2015 contract (the enforceability of which neither party disputes) defines the term "Owner" to mean SBY, and the term "Architect" to mean LVDA. Contract at 1. As such, SBY was unambiguously a party to the contract. Indeed, aside from SBY and LVDA, no other party is identified anywhere in the contract, and SBY and LVDA are the only signatories on the contract. *Id.* at 18. Thus, when interpreting the mediation and arbitration clauses, the only logical construction is to read them to mean that "SBY and LVDA shall endeavor to resolve claims . . . by mediation" and then by arbitration if mediation is unsuccessful. *Id.* at 13.[4]

A second issue is whether LVDA's copyright infringement claim falls within the scope of the arbitration clause, which covers "all claims and causes of action, whether in contract, tort, or otherwise, . . . arising out of or related to th[e] Agreement." *Id.* § 8.1.1. SBY contends that, because the claim relates to Defendants' use of the architectural plans after LVDA's termination—which is covered by specific

---

[4] It is worth noting that, at the time that LVDA entered into the agreement, it apparently was aware that SBY was not the actual owner of the property, and LVDA does not contend otherwise.

provisions of the contract—it is within the scope of the arbitration clause. LVDA counters that the claim is not subject to arbitration because, rather than seeking to enforce the contract, LVDA contends that Defendants have engaged in activity *outside* the scope of the contract—copyright infringement.

But the arbitration clause is not only limited to claims for enforce the agreement, rather it extends to all claims "arising out of or related to" the agreement. And, as the Seventh Circuit held in *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, arbitration clauses that include the phrase "arising out of" encompass "all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se." 1 F.3d 639, 642 (7th Cir. 1993). *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 810–11 (7th Cir. 2011) ("Arbitration clauses containing language such as 'arising out of' are extremely broad and necessarily create a presumption of arbitrability.") (internal quotation marks omitted).

Here, the copyright infringement claim plainly "has [its] origin or genesis in the contract" at issue in this case. *Sweet Dreams Unlimited*, 1 F.3d at 642. The claim concerns the alleged unauthorized use of architectural plans developed by LVDA pursuant to the contract and, therefore, it is subject to the arbitration clause contained therein.

Furthermore, "[w]here claims against a signatory to an arbitration agreement are 'obviously intertwined' with those against nonsignatory parties, courts should stay the entire case under FAA § 3." *ChampionsWorld, LLC v. United States Soccer*

*Fed'n*, 487 F. Supp. 2d 980, 991–92 (N.D. Ill. 2007). Given the interrelationship between the claims against SBY and those against Pappageorge, the case also is stayed as to Pappageorge.

## Conclusion

For the foregoing reasons, SBY's motion [15] is denied to the extent that it seeks dismissal pursuant to Rule 12(b)(1), but granted to the extent that it seeks to compel arbitration. This case is stayed pending the resolution of arbitration proceedings.[5] The parties are ordered to provide the Court with a status report within fourteen days of the arbitration's conclusion.

**IT IS SO ORDERED.**           ENTERED  12/10/18

*John Z. Lee*

**John Z. Lee**
**United States District Judge**

---

[5] Because the Court grants the motion to compel arbitration, it does not reach the parties' arguments concerning Rule 12(b)(6) dismissal or staying the proceedings.

11